PEOPLE *v.* BRADLEY.

CRIMINAL LAW — INTOXICATING LIQUORS — MOTION TO SUPPRESS PROPERLY DENIED.
Where officer's testimony that he saw two tanks projecting down underneath defendant's car and that he searched the car with defendant's permission and found intoxicating liquor in the tanks was undisputed, a motion to suppress the evidence thereby secured was properly denied.

Error to Van Buren; Warner (Glenn E.), J. Submitted June 14, 1928. (Docket No. 119, Calendar No. 33,511.) Decided July 24, 1928.

Margaret Bradley was convicted of violating the liquor law, and sentenced to imprisonment for not less than six months nor more than one year in the State prison at Jackson. Affirmed.

*W. J. Barnard* and *W. W. Holbrook,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Robert H. Cavanaugh,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant seeks review by writ of error of her conviction on a charge of having intoxicating liquor illegally in her possession.

Motion to Suppress. The facts disclosed on the submission of this motion were as follows:

Albert Funk, a member of the State police, while patrolling the highway (U. S. 12) west of Paw Paw on a motorcycle, met a Studebaker coupé, and, as it passed him, he noticed "that the car was riding real high, and had oversized tires on the rear;" that it looked suspicious and he turned and followed it, and, "as it broke over a knoll," he saw two "tanks projecting down underneath this car;" that he overtook the car and signaled for it to stop at the curb; that

243—Mich.—39.

in it were the defendant, the driver of the car, and another woman and a child; that he asked for defendant's certificate of registration, and she said that she owned the car, but the certificate was in Detroit; that he then asked what she had in the tanks underneath the car, and she said there was nothing there; that he requested them to alight, and they did so, and he then asked her permission to search the car, and she said, "go ahead;" that he did so and found 36 quarts of Scotch whisky, 12 quarts of Imperial whisky, and 142 pints of Old Colonial whisky concealed in the tanks; that defendant requested that her passenger be permitted to go, "for she has nothing to do with it. She didn't know that I had liquor in the car."

It may well be said that this was the only proof submitted on the motion, but defendant's counsel insist that it was understood that testimony taken on the trial which immediately followed should apply thereto, and we have so considered it. Three witnesses called by defendant testified that they had examined the car when in a garage, and that the pans or tanks underneath were not visible. The prosecutor then called another witness, who testified that he had examined the car, and that the tanks "were plainly visible." If officer Funk could not have seen these tanks or pans under the car when he followed it, one cannot account for the inquiry he made of the defendant as to what they contained. His testimony in this respect is undisputed. There is also no denial of his statement that defendant gave him permission to search the car. In our opinion, the motion to suppress was properly denied. *People* v. *Absher*, 240 Mich. 107.

As this is the only question raised on the appeal, the judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. POTTER, J., did not sit.